09-1469-cv
Gordon v. Palumbo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
          ROSEMARY S. POOLER,
          ROBERT A. KATZMANN,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
DAVID GORDON, JACQUELINE SWISKEY,
        Plaintiffs-Appellants,

        -v.-                                09-1469-cv

BRIAN PALUMBO, NILES WELIKSON, HORING
WELIKSON & ROSEN P.C., CAROLE A. FEIL
and JEFFREY FEIL, as Executors of the
Estate of Louis Feil, CAROLE A. FEIL,
and JEFFREY FEIL, d/b/a Clermont York
Associates, ANDREW RATTNER, VIVIAN
TULIATOS, ABE RILL, JOSE ANTONIO RUIZ,
also known as Tony, CARLOS GUEVARA,
CARL LIEBERMAN, NANCY LIEBERMAN, BRETT
LIEBERMAN, JAY ANDERSON, as Trustee of
the Feil Foundation, ALAN ROSENBLOOM,

1

**NICOLE GOZ, BERNARD J. GOZ, BELLA M. GOZ, STANLEY KALLMANN, BRIAN J. BOLAN, GENNET KALLMANN ANTIN & ROBINSON, P.C., AMERICAN INTERNATIONAL GROUP, ATLANTIC MUTUAL INSURANCE COMPANY,**

<u>**Defendants-Appellees**</u>,

**LOUIS FEIL,**

<u>**Defendant.**</u>
- - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANTS:** David Gordon, <u>pro se</u>, New York, New York; Jacqueline Swiskey, <u>pro se</u>, New York, New York.

**APPEARING FOR APPELLEES:** Douglas R. Jensen, Park & Jensen LLP, New York, New York; Brendan Malley, Law Offices of Beth Zaro Green, Brooklyn, New York; Deborah E. Riegel, Rosenberg & Estis, P.C., New York, New York; Brian J. Bolan, Gennett, Kallmann, Antin & Robinson, P.C., Parsippany, New Jersey.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants David Gordon and Jacqueline Swiskey, <u>pro se</u>, appeal the district court's grant of appellees' motion to dismiss their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Appellants also appeal the district court's denial of their request for recusal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** We review <u>de novo</u> the district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, accepting all factual allegations as true, and drawing all reasonable inferences in the non-movant's favor. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002); <u>see also</u> <u>Miller v. Wolpoff & Abramson,</u>

*L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying these principles, we are mindful that *pro se* complaints should be read with "special solicitude" and interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted) (per curiam). Nonetheless, in this case appellants' complaint was properly dismissed, as it does not plausibly state a claim for which relief can be granted.

**[2]** This Court reviews a judge's refusal to recuse himself for abuse of discretion. *See Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447 (2d Cir. 2005). We consider whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned. Taking into consideration all of the facts, the district judge did not abuse his discretion in denying appellants' request for recusal.

Finding no merit in appellants' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK